**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Apellant,**

**v.**

**Rebecca YBARRA, Appellee.**

**No. 08–87–00240–CV.**

Court of Appeals of Texas, El Paso.

May 11, 1988.

Dick R. Holland, William Clifton, Jr., Boldrick & Clifton, Midland, for appellant.

Ruff Ahders, Ruff Ahders, Associated, Odessa, Michol O'Connor, Houston, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from a no-answer default judgment in a worker's compensation case. Appellant filed a motion and supplemental motion for new trial which was heard and then overruled. We affirm.

Rebecca Ybarra sued her employer's worker's compensation carrier, Liberty Mu-

tual Fire Insurance Company as a result of an on-the-job injury. Liberty Mutual failed to file an answer. A hearing was had and the trial court awarded Appellee total and permanent benefits. The sequence of events were:

(1) Appellee's petition was filed February 23, 1987.

(2) Service was on the Commissioner of Insurance in Austin, Texas on March 3, 1987.

(3) Appellee's motion for default judgment was filed on June 3, 1987.

(4) The trial court conducted an evidentiary hearing on June 5, 1987, granted the judgment which was signed and filed on June 5, 1987.

Appellant filed its motion for new trial with affidavit attached on June 15, 1987, and later a supplemental motion for new trial with affidavit attached on June 22, 1987. The trial court heard motions for new trial on July 6, 1987, with the Appellant relying on its motions with the attached affidavits. Appellee had filed a written response with attached affidavits in reply to Appellant's motions and affidavits.

After hearing arguments, the trial court overruled Appellant's motions for new trial and instructed Appellee's attorney to prepare and submit the proper order.

Point of Error No. One asserts the trial court erred in failing to grant Appellant's motion for new trial.

■ We are concerned with determining whether the trial court abused its discretion in denying the motion for new trial. The default judgment should be set aside if Appellant establishes all of the conditions as laid down by *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939): (1) That the failure to answer was neither intentional nor the result of conscious indifference, (2) that the failure to answer was due to mistake or an accident, (3) that the defendant has a meritorious defense, and (4) that the defendant's motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to plaintiff.

The elements of the *Craddock* test may be established by affidavit or other competent evidence. The question of whether *Craddock* is satisfied is addressed to the sound discretion of the trial court and will not be overturned absent a showing of abuse of discretion. *Farley v. Clark Equipment Company,* 484 S.W.2d 142, 150 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.).

■ Trial courts should set aside defaults only if convinced that defendant acted in good faith and that the accident or mistake by which he seeks to excuse himself was the cause of his default, and that he could not have protected himself by the exercise of reasonable diligence. Pohl and Hittner, Judgment By Default in Texas, 37 SW.L.J., 421, 447 (1983).

We now look to what was the fact situation facing the trial judge insofar as deciding on whether the failure of Liberty Mutual to answer in the lawsuit was the result of conscious indifference.

■ When the allegations in a movant's affidavits are not controverted, a conscious indifference question must be determined in the same manner as a claim of meritorious defense. It is sufficient that the movant's motion and affidavits set forth facts which, if true, would negate conscious indifferent conduct. In this case, however, Appellant's motions for new trial and the affidavits attached were controverted by the Appellee.

Appellant had attached to its motions the affidavit of its Midland–Odessa, Texas claim's manager and its Boston, Massachusettes claim's supervisor. Both affiants stated, in very general terms, that when a citation is received in its Boston office, a copy is sent over a "Rapid Fax" machine to the proper office for handling and employing local counsel. The affidavits go on to say that, by error, the incorrect telephone number was used, resulting in the service of citation being sent to the wrong number or wrong office, or other than the Midland, Texas office. Though both affiants made the affidavits after reviewing their file, no dates were given in regard to the receipt of the citation in Boston or the date it went

out on the "Rapid Fax." No mention was made of the name of the operator or the wrong number keyed into, or the office to which the citation went (if known). The affidavits are silent as to whether the wire system in use produced any record of transactions or whether the Appellant had any procedure for double checking to make sure the citation and petition were received by the proper local office.

Appellee responded to Appellant's motions and affidavits: "most Rapid Fax machines create a record of where and when an item was sent. If the Insurance Company's Rapid Fax created such a record, the obligation of the Insurance Company here was to provide that evidence so their excuse could be verified. Most companies that use Rapid Fax machines that do not automatically create a record of each transaction, usually require that the operator of the machine record each transaction in a diary."

Since the Appellee controverted the Appellant's allegations, the trial judge was under the duty to look to the knowledge and acts of the Appellant to determine whether its conduct was the result of conscious indifference, *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). The burden of proof was upon Appellant to show that the failure to appear at trial was not the result of conscious indifference. *Ward v. Nava*, 488 S.W.2d 736 (Tex.1972). Conscious indifference means failing to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances. *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex.App.—Fort Worth 1986, no writ). It was within the trial judge's discretion to decide whether the facts warranted the vacating of the default judgment and the granting of a new trial. Appellant did make a request for findings of fact and conclusions of law, but failed to make a follow-up request. We therefore must affirm the trial court's judgment if it can be supported by the evidence and authorized by the law. 4 McDonald, Texas Civil Practice sec. 16.10 (rev.1984); Tex.R.Civ.P. 296. The trial court did not abuse his discretion in decid-

ing that Appellant failed to sustain its burden. Therefore, its failure to answer in the lawsuit was the result of conscious indifference.

We now turn to the question of whether or not the Appellant established that it had a meritorious defense. *Craddock.*

In *Ivy v. Carrell*, 407 S.W.2d 212 (Tex. 1966), the Court stated: "[t]he motion must allege *facts* [emphasis in original] which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense."

Appellant's motion for new trial states that it "can and does set up the meritorious defense that the Plaintiff is not totally and permanently incapacitated...." The motion says the Appellant is controverting the weekly wage rate claimed by plaintiff and such defenses are shown by facts set forth in the affidavits Dean Byrom and Lynn Lovelady attached.

Dean Byrom's (claims manager of the Midland–Odessa office) affidavit states: "[t]he investigative file which has been received in this office ... indicates that the claimant is not totally and permanently incapacitated.... Further, Liberty Mutual Fire Insurance Company wishes to controvert the wage rate of the Plaintiff based upon the review of the investigative file."

The affidavit of Lynn Lovelady, claims supervisor for Appellant in the Boston office, states: "[a]fter reviewing the files, the defense exist [sic] that Plaintiff was not totally and permanently incapacitated and evidence in the file indicates the wage rate was less than that claimed by the Plaintiff."

Appellee's attorney, in response and by answer and an affidavit, stated that in his years of experience that it was apparent that Rebecca Ybarra was totally and permanently incapacitated. Rebecca Ybarra's testimony, given at the default judgment hearing, was incorporated by reference in Appellee's response.

Although the factual basis of defendant's meritorious defense may not be controvert-

ed, the legal sufficiency of the facts may be challenged. *Ivy v. Carrell,* 407 S.W.2d 212.

■ It is readily seen that Appellant did nothing more than plead conclusions in its motion and supplemental motion for new trial. The two attached affidavits followed suit by saying that after review of investigative files, claimant was not totally and permanently incapacitated. The factual basis of defendant's meritorious defense must be stated in considerable detail and clarity. The defendant's burden of setting up a meritorious defense is much like that of one who opposes a motion for summary judgment because the trial court, in ruling on a motion to set aside a default judgment, is confined to a determination of whether there is a fact issue to be tried. Phol and Hittner, Judgments by Default in Texas, 37 SW.L.J. 421, 448 (1983). *Ivy v. Carrell,* 407 at 212, 214. There was a total lack of facts presented to the trial court on both the question of setting up a meritorious defense as to the physical incapacity of the Appellee and the question of wage rate. In addition, Appellant filed an unsworn answer without denying wage rate as required if wage rate was to be challenged. Tex.R.Civ.P. 93(13)(h). *Commercial Insurance Company of Newark, New Jersey v. Lane,* 480 S.W.2d 781 (Tex.Civ.App.—Dallas 1972, writ ref'd n.r.e.).

We find that Appellant failed in its burden to satisfy all of the requirements of the guidelines as laid down and expressed in *Craddock.*

Point of Error No. One is overruled.

Point of Error No. Two asserts the trial court erred in denying Appellant's motion for leave to file an amended motion for new trial.

■ After the trial court had conducted the hearing on Appellant's motion and supplemental motion for new trial, the trial judge announced in open court, "I am going to overrule your motion for new trial." He then instructed Appellee's attorney to prepare the order. Some hours later, but on the same day, Appellant appeared at the district clerk's office and filed a motion for leave to file an amended motion for new trial. He also left with the clerk the amended motion for new trial (which has been brought up in the transcript by designation of Appellant). The amended motion for new trial contains a notation "not filed." The motion for leave to file the amended motion for new trial contains the clerk's notation that the trial judge would not sign or set a hearing because the new trial was already overruled. While there is no showing that Appellant complied with Tex.R.App.P. 52(a), in presenting the motion to the trial court personally and obtaining a ruling, we still will consider Appellant's Point of Error. In doing so, we cannot find that the trial court abused his discretion in not signing or setting Appellant's motion. Appellant was seeking another attempt at a new trial after the trial court had already ruled.

Point of Error No. Two is overruled.

■ Point of Error No. Three asserts the trial court erred in entering judgment finding Appellee was totally and permanently disabled.

At the hearing on the default judgment, Appellee described her accident which formed the basis for her worker's compensation claim. She testified she fell off a ladder injuring her back, and that she was seeing a doctor on a daily basis for the injury. She was suffering from numbness in her legs and did not believe she could ever go back to work again. She felt no improvement since the accident, which had occurred over a year before the hearing. This evidence was uncontroverted and the credibility of the witness was for the trial judge to weigh and consider. We cannot say that the trial court committed error in entering judgment for Appellee for total and permanent benefits.

Point of Error No. Three is overruled.

The judgment of the trial court is affirmed.