

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| ADIB C. ROUHANA, | | No. 08-16-00356-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 171st District Court |
| | § | |
| ALBERTO RAMIREZ, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2015-DCV2915) |
| | § | |

**O P I N I O N**

This appeal arises from a suit on a note. A final judgment was granted following a post-answer default when Appellant, who was representing himself at the time, failed to appear for a non-jury trial setting. We reverse and remand for a new trial.

**BACKGROUIND**

Alberto Ramirez sued Appellant Adib C. Rouhana for breach of contract, conversion, and fraud, all arising out of non-payment of a $30,000 promissory note. The original petition, filed on August 28, 2015, attached a copy of the note and a schedule that showed the previous payments that had been made. Rouhana filed a pro se general denial. He also asserted a payment defense in a sworn portion of the answer, contending that the entire loan had been repaid through the value

of some type of service he claimed to have provided over the past fourteen years. Rouhana's answer provided a street address as his mailing address, and a "Gmail" email address.

The trial court set the matter for a non-jury trial on September 28, 2016. The trial court attempted to provide Rouhana notice of the trial setting by certified mail, return receipt requested. Our record contains a copy of the mailing envelope with the certified mailing label. The envelope is stamped, however, "Return To Sender Unclaimed Unable to Forward." The signature card for delivery was also returned unsigned.

On September 9, 2016, Ramirez's counsel filed and served a Certificate of Readiness, which attached a copy of the trial setting. The certificate of service on that pleading indicates that he served Rouhana by email, but the email address, "ACR@FIN", was not the "Gmail" email address that Rouhana listed on his answer.

On the day of trial, Rouhana failed to appear. The trial court stated on the record that Appellant received notice of the trial setting by email, referring to the service of Ramirez's Certificate of Readiness. Ramirez admitted the copy of an "Automatic Reply" generated from a third email address (acrouhana@integrityfn.com) that states, "Thank you for contacting us. We will respond to your e-mail as soon as possible. If this is an emergency, please call my mobile at [provided phone number]. Thanks & Kind Regards. Adib C. Rouhana." The automatic reply reflects that it was sent September 9, one minute after the service of the Certificate of Readiness was served.

The trial court entered a default judgment for $36,922 that represented the principal and interest then due on the note. The judgment also awarded $2,500 in attorney's fees and further included a prohibition on Rouhana removing any assets from El Paso, County until the judgment was paid. Ramirez put on no evidence at the trial, either of the note, the amount then due, or his

attorney's fees.  Nor did the original petition specifically seek any type of injunctive relief.  The district clerk mailed Rouhana notice of the judgment to his designated mailing address.

Rouhana timely filed a motion for new trial through counsel.  The motion contends that he received no notice of the September trial setting, and met the other new trial requirements under *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939).  Rouhana's affidavit, attached to the motion, swore that he "never got notice from the clerk of El Paso County, TX, or anyone else; of a Court hearing was to be held on September 28, 2016, in this case [sic]."  The affidavit also states that he "never ever received a notice from the U.S. Postal Office to go and pick-up a letter" at his local postal sub-station.  He recites that he has continuously lived at his mailing address, and that no one else lives there.  He further claims to have first learned of the trial setting when he received the notice of judgment from the clerk's office.  Rouhana filed a request for a hearing on his motion for new trial, but for reasons unclear in our record, no hearing was set, and the motion was overruled by operation of law.

## DISCUSSION

Appellant raises four issues for our review.  In Issue One and Three he claims that the evidence is legally insufficient to support the money judge and the attorney's fees.  In Issue Two, he claims there was no pleading to support the injunction prohibiting the post-judgment transfer of assets.  His final issue complains that the trial court abused its discretion in overruling (by operation of law) his motion for new trial based on the lack of notice of the trial setting.  We address the first three issue together.

### Sufficiency of the Evidence and Pleadings to Support the Judgment

Because Rouhana filed an answer, we deal here with a post-answer default.  The standards governing a no-answer and post-answer default judgments differ greatly.  For a no-answer default

3

judgment, the non-answering party is deemed to have admitted all the facts properly pleaded in the petition. *See Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). Conversely, in a post-answer default judgment case, non-appearance at trial does not constitute an abandonment of the defendant's answer and it is not an implied confession of any issues joined by the answer. *Sedona Pacific Housing Partnership v. Ventura*, 408 S.W.3d 507, 512 (Tex.App.--El Paso 2013, no pet.); *Mountain Corp. v. Rose*, 737 S.W.2d 22, 23 (Tex.App.--El Paso 1987, writ denied). Accordingly, in a post-answer default, the plaintiff must offer evidence and prove their case as in a trial for any contested issue. *Stoner*, 578 S.W.2d at 682. A judgment cannot be entered on the pleadings themselves. *Id.*

Yet that is exactly what happened in this case. At the trial, Ramirez offered no evidence of the note or non-payment of the note. He merely presented the trial court with a judgment to sign. Moreover, the case was not pleaded as a suit on a sworn account. TEX.R.CIV.P. 185. Rouhana's general denial placed in issue every issue in the case. Accordingly, without any evidence offered at trial to sustain Ramirez's claim, the default judgment must be reversed. *See Sharif v. Par Tech, Inc.*, 135 S.W.3d 869, 873 (Tex.App.--Houston [1st Dist.] 2004, no pet.)(reversing post-answer default judgment in sworn account suit, when verified was answer filed, and no record was made to show that any evidence to support judgment was admitted); *Maldonado v. Puente*, 694 S.W.2d 86, 90 (Tex.App.--San Antonio 1985, no writ)(post-answer default set aside in suit on a note, when no evidence was admitted at trial); *Hall v. C-F Emp. Credit Union*, 536 S.W.2d 266, 267 (Tex.Civ.App.--Texarkana 1976, no writ)(post-answer default entered on two promissory notes set aside when no evidence admitted at trial).

Ramirez responds, however, that Rouhana's answer acknowledges the existence and amount of the of the debt and is a judicial admission of both matters. The sworn portion of

4

Rouhana's answer states: "I paid the full amount of *the debt* by services provided to Plaintiff during the last fourteen (14) years." [Emphasis added]. Even if the italicized portions of the answer acknowledge the existence of some prior debt, the general denial placed in issue the other portions of Ramirez's claim, such as the amount then due and owing, along with presentment and demand for payment. Nor are Rouhana's other references to the "full amount" of the debt, and his claim that it was "paid in full" clear admissions that the $36,922 amount awarded in the judgment is in fact the correct amount due.

Ramirez also urges that Rule 241 allows a judge to assess the damages "if the claim is liquidated and proved by an instrument in writing" when a defendant is in default. TEX.R.CIV.P. 241. While we agree that the court and not a jury should have decided the case when called, the rule does not suspend the obligation to present evidence. Had the note been admitted at the hearing, and some evidence of the amounts paid been adduced, the trial court could have well entered a judgment for the amount due. But without as such evidence, we sustain Issue One.

For whichever type of default is at issue, the pleadings must also provide "fair notice" of the relief sought. *See Lloyd's, U.S. Corp. v. Landis*, 777 S.W.2d 470, 473 (Tex.App.--El Paso 1989, writ denied). Accordingly, a judgment must conform to the pleadings and proof, and a party may not be granted relief in the absence of pleadings to support it. *Stoner*, 578 S.W.2d at 682, 683-84. Yet in this case the trial court entered relief that was not sought in the petition: a bar to Rouhana transferring any assets outside of El Paso County. The parties tussle over whether this portion of the judgment constitutes injunctive relief, or merely an effort by the trial court to enforce its judgment. Setting aside the issue of how the relief might be labeled, we are not aware of any authority that allows a trial court to enter such an order in absence of a pleading seeking that relief, or some evidence justifying the need for such an order. We sustain Issue Two.

5

Finally, Ramirez was awarded $2,500 in attorney's fees in the absence of any evidence of the reasonableness or necessity of that sum. Attorney's fees are by nature unliquidated damage and require proper proof as to their amount. *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 836 (Tex.App.--Dallas 2009, no pet.)("The reasonableness of attorney's fees, in the absence of a contract therefore, is a question of fact and is an unliquidated demand for which the trial court entering a default judgment should hear evidence."); *Bastine v. Comm'n for Lawyer Discipline*, 252 S.W.3d 413, 416 (Tex.App.--Houston [1st Dist.] 1996, no pet.) ("A demand for reasonable attorneys' fees is a claim for unliquidated damages, and an award of fees must be based upon evidence in support of the pleadings."); *Higgins v. Smith*, 722 S.W.2d 825, 827 (Tex.App.-- Houston [14th Dist.] 1987, no pet.)(same); *see also Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 184 (Tex. 2012)(noting attorney's fees were unliquidated for purposes of hearing on damages). We sustain Issue Three.

In a post-answer default setting, a legal insufficiency point will only support a new trial, and not a rendition of judgment. *See Dolgencorp of Texas, Inc. v. Lerma,* 288 S.W.3d 922, 930 (Tex. 2009). Based on Issue One, we remand the case for a new trial.

### Denial of Motion for New Trial

In Rouhana's fourth issue, he claims the trial court erred in failing to grant his motion for new trial because it demonstrated that he was never given notice of the trial setting. We review the denial of a motion for new trial under an abuse of discretion standard. *See Dolgencorp,* 288 S.W.3d at 926; *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004).

6

Generally, before a default judgment can be set aside and a new trial granted, the defaulting party must satisfy the three elements of the *Craddock* test. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987)(stating that *Craddock* test applies to post-answer default judgments). Under *Craddock,* a party must demonstrate that (1) the failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party. *Cliff*, 724 S.W.2d at 779. A trial court must set aside a post-answer default judgment when the defendant satisfies the *Craddock* test. *See Dolgencorp*, 288 S.W.3d at 926; *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994); *Cliff* , 724 S.W.2d at 779.

In the context of this dispute, a party who has appeared in a case is entitled to notice of a trial setting as a matter of due process. *See LBL Oil Co. v. International Power Servs., Inc.*, 777 S.W.2d 390, 390-91 (Tex. 1989); *Wimpy v. Motel 6 Op., L.P.*, 461 S.W.3d 619, 626 (Tex.App.--El Paso 2015, pet. granted, judgm't vacated w.r.m.), *citing Peralta v. Heights Medical Center, Inc.*, 485 U.S. 80, 84, 108 S.Ct. 896, 899, 99 L.Ed.2d 75 (1988). A party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor (as one cannot be consciously indifferent to a trial of which they are unaware), and, in such instances, courts dispense with the second (meritorious defense) factor for constitutional reasons. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005); *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 543-44 (Tex.App.--Austin 2004, no pet.); *Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex.App.--Austin 2001, no pet.).[1]

---

[1] While perhaps an open question, the third element (prejudice) may also not apply when there the defaulting party is not given notice of the setting. *See Mathis*, 166 S.W.3d at 744; *Smith v. Holmes*, 53 S.W.3d 815, 818 (Tex.App.-Austin 2001, no pet.). Ramirez does not contend the prejudice requirement is in play, and thus we do not reach it. We note, however, that the kind of prejudice contemplated by the third *Craddock* includes an undue delay that would result in some disadvantage in presenting the merits of the case at a new trial, such as with the loss of a witness or other valuable evidence. *See Dolgencorp*, 288 S.W.3d at 929.

7

"Constitutionally, a party is entitled to actual, or at least constructive notice, of a hearing." *Wimpy*, 461 S.W.3d at 626. When the defaulting party properly demonstrates lack of notice, the burden shift to the other party to controvert that claim. *Mathis*, 166 S.W.3d at 744; *Cliff*, 724 S.W.2d at 779; *Old Republic Ins. Co. v. Scott*, 873 S.W.2d 381, 382 (Tex. 1994). In determining if the defaulting party's factual assertions are controverted, the court looks to all the evidence in the record. *Anderson v. Anderson*, 282 S.W.3d 150, 153 (Tex.App.--El Paso 2009, no pet.). As here, a party may controvert the defaulting party's claim by (1) showing there is some evidence of actual notice, or (2) under Rule 21a, the defaulting party is presumed to have received notice. *Mathis*, 166 S.W.3d at 744; *Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex.App.--Houston [14th Dist.] 2008, no pet.). We consider, but reject both claims.

### The Trial Court's Returned Certified Mailing Was Not Notice

The trial court attempted to notify Rouhana of the trial setting by certified mail, but the letter was returned as unclaimed. Rouhana denies that he was ever notified by the post office of an attempt to deliver the letter. The returned envelop confirms that Rouhana did not receive actual notice of trial setting from the trial court. *See Approximately $14,980.00 v. State*, 261 S.W.3d 182, 189 (Tex.App.--Houston [14th Dist.] 2008, no pet.)("Notice sent by certified mail and returned 'unclaimed' does not provide the notice required by Rule 21a."); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 382 (Tex.App.--Fort Worth 2005)("Accordingly, a notice of hearing setting sent by certified mail and returned 'unclaimed' does not provide the notice required by Rule 21a."); *Limestone Constr., Inc.*, 143 S.W.3d at 545 (evidence of post office's failed attempts to deliver summary judgment motion constitutes proof of non-receipt); *Rabie v. Sonitrol of Hous., Inc.*, 982 S.W .2d 194, 197 (Tex.App.--Houston [1st Dist.] 1998, no pet.)(holding

8

summary judgment motion and submission notice sent by certified mail but returned unclaimed did not provide nonmovant with proper notice).

As an alternative, however, refusing to accept duly mailed correspondence can constitute constructive notice if the intended recipient refuses all certified mailings, or engages in repeated instances of selective acceptance of notices. *Etheredge*, 169 S.W.3d at 382; *see Roberts v. Roberts*, 133 S.W.3d 661, 663 (Tex.App.--Corpus Christi 2003, no pet.)(noting postal worker's testimony that defendant had informed him "she would not be accepting any certified mail"); *Sharpe v. Kilcoyne*, 962 S.W.2d 697, 700 (Tex.App.--Fort Worth 1998, no pet.)(noting defendant acknowledged having refused multiple mailings pertaining to case). Our record contains only the single instance of the trial court's mailing which was returned unclaimed, which does not support an inference that Rouhana dodged or refused delivery. *See Pessel v. Jenkins*, 125 S.W.3d 807, 810 (Tex.App.--Texarkana 2004, no pet.)(evidence of one mailing of notice by certified mail, attempted to be delivered twice, was not proof of selective acceptance or refusal); *Dowell v. Theken Spine, LLC,* No. 14-07-00887-CV, 2009 WL 1677844, at *2-3 (Tex.App.--Houston [14th Dist.] June 2, 2009, no pet.)(mem.op.)(not designated for publication)(evidence that notice of summary judgment hearing went "unclaimed" after post office unsuccessfully attempted delivery and left notice of certified mail at intended recipient's address did not, standing alone, constitute evidence that recipient dodged or refused delivery).

Ramirez responds in part by asking us to take judicial notice of information from the United State Post Office's website regarding the attempted delivery of this certified mailing. Rule 201 permits a court to take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." TEX.R.EVID. 201(b)(2). Yet it would be mere supposition on our part to assume, without any record support,

9

that the delivery records posted on the USPS website cannot be reasonable questioned. We therefore decline to take judicial notice of such material. *See Kreit v. Brewer & Pritchard, P.C.*, 530 S.W.3d 231, 239 n.4 (Tex.App.--Houston [14th Dist.] 2017, pet. denied)(declining to take notice of statement on USPS website about status of package delivery). These type of records, however, are the type of responsive evidence that might have been developed below to rebut Rouhana's claim. It was not offered there, and we decline to consider it on appeal.

The record therefor does not show that Rouhana received actual or constructive knowledge of the trial setting from the trial court's efforts to provide notice.

### *The E-Mailed Certificate of Readiness*

Ramirez also claims the service of his Certificate of Readiness rebuts Rouhana's affidavit. The Certificate of Readiness both attached and referenced the trial setting notice. Ramirez's counsel certified that he served it by emailing the document to an email address (ACR@FIN). The trial court believed that Rouhana received the pleading because when the document was served, Ramirez's counsel contemporaneously received an automated reply, albeit from a different email address (acrouhana@integrityfn.com). Rouhana swore in his affidavit, however, that he received notice of the trial setting from no one, which implicitly denies receipt of the emailed notice.

Rule 21a(a)(1) is designed to avoid the problems raised by the facts here. It provides that a document "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." TEX.R.CIV.P. 21a(a)(1). Had that procedure been followed, then a certificate would have been generated confirming the service of the pleading on an email address that Rouhana designated for service. *Id.* at 21a(b)(3). Pro se litigants, however, are not required to participate in the electronic service program. *See Cruz v. Sanchez*, 528 S.W.3d 104, 112 (Tex.App.--El Paso 2017, pet.

10

denied). Rule 21a(a)(2) then provides an alternative: if no email address is on file with the electronic filing manager, the document "may be served in person, mail, by commercial delivery service, by fax, *by email*, or by such other manner as the court in its discretion may direct." TEX.R.CIV.P. 21a(a)(2) [Emphasis added].

Nothing in our record shows that Rouhana had signed up for electronic service, or had an email address on file with the electronic file manager. Under Rule 57, Rouhana was required to designate an email address if he had one. TEX.R.CIV.P. 57 ("A party not represented by an attorney shall sign his pleadings, state his address, telephone number, email address, and, if available, fax number."). And while he did so, for reasons unclear in our record, Ramirez did not use that email address to serve Rouhana.

Nonetheless, Ramirez argues that the "automated reply" message proves actual notice by Rouhana of the trial setting. It is more accurate to say, however, that the automated reply proves that whatever computer received the email executed its sub-routine to send an autoreply message. It is no different than proof that a letter was left in a mailbox (here an electronic mailbox), but is not proof that the mailbox is one that Rouhana actively uses, or checks. His designation of a different email address on his pleading infers the opposite conclusion. And while Ramirez also claims that service is completed on transmission of the document under Rule 21a, that provision applies to the transmission of the pleading through the electronic filing manager. TEX.R.CIV.P. 21a(b)(3). The rule makes specific reference to the electronic filing manager's certificate which verifies service. Rouhana was not served through that system, and the "automated reply" message, on this record, does not overcome Rouhana's sworn denial of receiving the trial setting from anyone.

11

Ramirez also urges that Rouhana's affidavit is too general, because while it specifically addresses the mailed notice from the trial court, it does not specifically discuss his email accounts. On this point, Ramirez refers to this Court's decision in *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615 (Tex.App.--El Paso 1988, no writ). In *Ybarra*, an insurance company failed to answer a lawsuit and suffered a default. Its motion for new trial was supported by affidavits from two claims managers, who in general terms described a system of "rapid faxes" used to transmit lawsuits for answer, and claimed the wrong number was entered on a fax transmittal. *Id.* at 617. The plaintiff challenged that claim, and argued that the fax system would generate various written records, none of which the defaulting party had attached to its affidavit. *Id.* at 618. This Court concluded the trial court did not abuse its discretion in overruling the contested motion for new trial. *Id. Ybarra* does not control here for two reasons. First, the plaintiff in that case specifically joined issue with the defaulting party's affidavit, and the question was whether the trial court abused its discretion in discrediting the challenged affidavits. Second, the trial court in *Ybarra* decided whether a party who admitted being served with a lawsuit acted with conscious indifference in failing to file an answer. The issue in this case is the more straightforward question issue of whether a person ever received notice or not. The conscious indifference question in *Ybarra* required some detailed explanation, while the question here is more susceptible to a straightforward denial.

Finally, we note that Rule 245 requires that a party receive "notice of not less than forty-five days" for a first trial setting. Tex.R.Civ.P. 245. The Certificate of Readiness was filed nineteen days prior to trial, and even if properly served, it would not have provided that required notice. *See Mathis*, 166 S.W.3d at 746 (rejecting claim that oral notice given to defaulting party within 45 days of trial setting constituted notice); *Custom-Crete, Inc. v. K-Bar Services, Inc.*, 82

S.W.3d 655, 659 (Tex.App.--San Antonio 2002, no pet.)("A trial court's failure to comply with Rule 245 in a contested case deprives a party of its constitutional right to be present at the hearing, to voice its objections in an appropriate manner, and results in a violation of fundamental due process."); *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex.App.--El Paso 2000, no pet.)(notice sent within fifteen days of first trial setting failed to support post-answer default judgment); *Platt v. Platt*, 991 S.W.2d 481, 484 (Tex.App.--Tyler 1999, no pet.)(notice sent seven days prior to trial failed to support post-answer default judgment). Accordingly, we sustain issue four.

Having sustained Issues One, Two, Three, and Four, we reverse the judgment below and remand the matter for trial on the merits.

July 31, 2018

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

13