

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-19-00564-CV

Juan **GARZA**,
Appellant

v.

**GRUPO COMERCIO MUNDIAL, INC.**,
Appellee

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2017CVF000590 D1
Honorable Jose Antonio Lopez, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
 Luz Elena D. Chapa, Justice
 Beth Watkins, Justice

Delivered and Filed: September 23, 2020

REVERSED AND REMANDED

Appellant Juan Garza brings a restricted appeal of the trial court's summary judgment on his claims against appellee Grupo Commercial Mundial, Inc. ("GCM"), claiming the face of the record shows he received no notice of CGM's motion for summary judgment, the summary judgment hearing, or the final judgment for more than thirty days after that judgment was signed. Alternatively, he contends he is entitled to bring a traditional appeal of the the trial court's order denying his motion for new trial. We agree with Garza's alternative argument, so we reverse the

trial court's July 22, 2019 order denying his motion for new trial and remand this case for a new trial.

## BACKGROUND

Garza sued GCM for injuries he alleges he suffered while performing work for GCM. Garza's attorneys moved to withdraw, and during the hearing on that motion, Garza gave the trial court an address where he claimed he could be contacted. The trial court granted the motion to withdraw and mailed its order to Garza at the address he provided. On March 21, 2019, that order was returned to the trial court undelivered and stamped "Return to Sender, Attempted—Not Known, Unable to Forward."

GCM filed a motion for summary judgment and set a hearing on its motion for May 14, 2019. GCM mailed the motion to Garza at the address he had provided, but it was returned undelivered and stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." The trial court mailed notice of the hearing to Garza at the address he had provided and it was also returned undelivered and stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Garza did not respond to GCM's motion for summary judgment or appear at the hearing. The trial court signed a judgment in GCM's favor on May 14, 2019, and the Webb County District Clerk mailed the judgment to Garza at the address he had provided. The judgment was returned undelivered and stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

Garza hired a new attorney, and on June 21, 2019, he filed a motion for new trial. In support of his motion, Garza presented his own affidavit stating he did not learn about GCM's motion for summary judgment, the hearing on that motion, or the judgment until June 18, 2019. He also presented the trial court's docket sheet, which showed two notices that had been mailed to Garza were "return[ed] unexecuted" on June 11 and 13, 2019. Garza later filed an amended, verified

motion for new trial that was supported by the same evidence as his original motion. The trial court denied Garza's motion for new trial on July 22, 2019, and Garza filed a notice of appeal on August 22, 2019.

Since more than thirty days had passed since the trial court signed the summary judgment, we ordered Garza to show cause why the appeal should not be dismissed for lack of jurisdiction. Because Garza contends he learned about the judgment more than twenty days but less then ninety days after the judgment was signed, he filed a response asking us to abate the appeal and remand to the trial court for an evidentiary hearing to pursuant to Texas Rule of Civil Procedure 306a(4). We granted that request and ordered the trial court to hold an evidentiary hearing to determine the date Garza first received notice or actual knowledge of the judgment.

On remand, the trial court found Garza acquired notice of the summary judgment "on May 15/16, 2019." Because this finding rendered Garza's motion for new trial and notice of appeal untimely, we again ordered Garza to show cause why his appeal should not be dismissed. In his response, Garza asked us to construe his notice of appeal as a notice of restricted appeal. He also asked us to consider, "in response to pertinent briefing on the merits . . . whether the trial court abused its discretion in failing to extend post-judgment deadlines." We issued an order construing Garza's appeal as a restricted appeal and retaining this case on the court's docket.

**ANALYSIS**

*Is This a Restricted Appeal or a Traditional Appeal?*

As a threshold matter, we must first determine the nature of our jurisdiction and therefore the nature of Garza's appeal. Garza initially contends this is a restricted appeal of the trial court's May 14, 2019 summary judgment and argues only the final element of a restricted appeal analysis—whether error is apparent on the face of the record—is relevant to that issue. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (listing elements of restricted

appeal). He alternatively argues he can challenge the trial court's July 22, 2019 order denying his motion for new trial in a traditional, non-restricted appeal because his motion for new trial and notice of appeal were timely under Texas Rule of Civil Procedure 306a(4).

*Applicable Law*

A party is precluded from seeking relief through a restricted appeal if he timely files a post judgment motion, such as a motion for new trial. *See Alexander*, 134 S.W.3d at 848. "A motion for new trial must be filed prior to or within 30 days after the judgment or other order complained of is signed." *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 379 (Tex. App.—Fort Worth 2004, pet. denied); *see also* TEX. R. CIV. P. 329b(a). However, under Texas Rule of Civil Procedure 306a(4), "[a]n exception to this rule exists when a party adversely affected by a judgment or other appealable order did not receive notice nor acquire actual knowledge of the order within the [requisite] time frame[.]" *Davilla*, 139 S.W.3d at 379. If a party first receives notice or actual knowledge of a judgment more than twenty days but less than ninety days after the trial court signs the judgment, then its deadlines to file both a motion for new trial and a traditional notice of appeal run from the date the party received notice or actual knowledge. TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 4.2(a)(1), 26.1.

Because we have a duty to assess our jurisdiction, we must consider whether the evidence supports the trial court's finding of the date Garza received notice of the judgment. *See Ward v. Lamar Univ.*, 484 S.W.3d 440, 450–51 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (stating we may ascertain facts necessary to the exercise of jurisdiction); *Davilla*, 139 S.W.3d at 378–79. Evidence that a properly addressed and mailed notice was sent to a party's last known address creates a presumption the addressee received the notice. *See Davilla*, 139 S.W.3d at 379. However, that presumption vanishes if the addressee offers proof of nonreceipt. *Id.* Garza argues conclusive

evidence establishes his nonreceipt, and that the date he first received notice or actual knowledge of the judgment was June 18, 2019.

*Application*

On November 1, 2019, the trial court held an evidentiary hearing to determine when Garza received notice of the judgment. During that hearing, it took judicial notice that its computer system showed the judgment was scanned and mailed to Garza on May 15, 2019 and the mailing envelope was postmarked May 16, 2019. Because those dates do not appear anywhere else in the record, this appears to be the basis for the trial court's finding that Garza received notice of the judgment on May 15 or 16. The trial court also admitted Garza's affidavit, the trial court's docket sheet, and the judgment into evidence. The docket sheet shows that two documents the trial court or the district clerk attempted to mail to Garza were returned "[u]nexecuted" on June 11, 2019 and June 13, 2019.

Additionally, Garza stated in his affidavit that he did not learn about the judgment until June 18, 2019. GCM did not present any evidence to controvert that sworn assertion. To the contrary, the evidence GCM included with its response to Garza's motion for new trial shows the trial court's attempt to notify Garza of the judgment was returned undelivered and stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." This is consistent with the docket sheet's indication that two documents the court sent to Garza were returned.

Based on this record, we conclude there is no evidence to support the trial court's finding that Garza received notice of the judgment on May 15 or 16, 2019. *Id.* at 379–80. Because Garza offered uncontroverted evidence that he first learned of the judgment on June 18, 2019, we conclude he proved as a matter of law that he received notice or actual knowledge of the judgment—and his post-judgment deadlines began to run—on that date. *Id.* at 380. As a result, his motion for new trial was due 30 days later, or by July 18, 2019. *See id.*; *see also* Tex. R. Civ. P.

306a(4). Garza's June 21, 2019 motion for new trial was, therefore, timely filed. TEX. R. CIV. P. 306a(4), 329b(a). Because Garza's timely motion for new trial precludes him from seeking relief by restricted appeal, we overrule his first issue. *See Alexander*, 13 S.W.3d at 848.

Our analysis does not end here. *See Davilla*, 139 S.W.3d at 380. Because Garza's motion for new trial was timely, his deadline to file a traditional notice of appeal was 90 days after he learned about the judgment, or by September 16, 2019. TEX. R. APP. P. 4.2(a)(1), 26.1(a)(1). As a result, his August 22, 2019 notice of appeal was timely, and we will therefore consider the merits of his alternative argument, which challenges the trial court's order denying his motion for new trial. TEX. R. APP. P. 4.2(a)(1), 26.1(a)(1). Although we previously issued an order concluding we have jurisdiction over this case as a restricted appeal, we now conclude we have jurisdiction to consider this case as a traditional appeal. *See Davilla*, 139 S.W.3d at 380.

### *Motion for New Trial*

### *Standard of Review and Applicable Law*

Garza limits his traditional appeal arguments to the trial court's order denying his motion for new trial. We review a trial court's ruling on a motion for new trial for abuse of discretion. *See Stiles v. Stiles*, No. 04-08-00885-CV, 2009 WL 2045229, at *2 (Tex. App.—San Antonio July 15, 2009, no pet.) (mem. op.). A trial court abuses its discretion if its decision is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Id.*

Both Garza and GCM contend we should evaluate the trial court's order denying Garza's motion for new trial under the test established in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939). Under the *Craddock* test, a judgment should be set aside and a new trial should be granted:

> when the party against whom the judgment is taken establishes that (1) the failure to answer (or appear) was not intentional or the result of conscience indifference, but the result of an accident or mistake; (2) the motion for new trial sets up a

meritorious defense; and (3) granting the motion will occasion no undue delay or otherwise injure the party taking the default judgment.

*Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542–44 (Tex. App.—Austin 2004, no pet.) (applying *Craddock*-style analysis to nonmovant's claim it did not receive notice of summary judgment hearing).

"[A] party who has appeared in a case is entitled to notice of a trial setting as a matter of due process." *Rouhana v. Ramirez*, 556 S.W.3d 472, 478 (Tex. App.—El Paso 2018, no pet.). If the complaining party shows he did not receive notice of the dispositive motion or trial setting, that lack of notice serves "as a substitute for the first *Craddock* element." *Limestone Constr.*, 143 S.W.3d at 543–44. Moreover, if a party establishes lack of notice, "due process requires that it prevail without need to prove the other *Craddock* elements." *Id.* at 544. "When the requirements of *Craddock* are met, a trial court abuses its discretion if it denies the [complaining] party's motion for new trial." *Stiles*, 2009 WL 2045229, at *2. "[T]he historical trend is towards the liberal granting of motions for new trial filed after default judgments." *Limestone Constr.*, 143 S.W.3d at 544.

*Application*

Garza's motion for new trial and the affidavit he offered in support of that motion aver he did not learn about GCM's motion for summary judgment or the summary judgment hearing until after the trial court signed the judgment. The trial court's docket sheet supports that assertion. The evidence GCM attached to its response to Garza's motion for new trial also supports Garza's claim of lack of notice, because it shows that both the motion for summary judgment and the trial court's hearing notice were returned to their respective senders undelivered and stamped "Return to Sender, Not Deliverable as Addressed, Unable to Forward." Finally, even though the notices were properly addressed, Garza's proof of nonreceipt removed any presumption that he received them.

*See In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009). There is no evidence showing Garza learned of the motion for summary judgment or the notice of hearing before the trial court signed the judgment.

GCM contends Garza's evidence of nonreceipt is not sufficient to satisfy the first *Craddock* factor because Garza provided "an address for service that he now disclaims" and there is therefore no evidence he was "free of intent or conscious indifference." However, "[a] party who has been denied due process through lack of notice of a trial setting satisfies the first *Craddock* factor" because "one cannot be consciously indifferent to a trial of which they are unaware[.]" *Rouhana*, 556 S.W.3d at 479. Moreover, there is no evidence Garza supplied the address in question to avoid service or otherwise delay the resolution of this case. Instead, the evidence shows Garza is homeless and offered the address of the shelter where he stays when he is in Laredo. Because Garza presented uncontroverted evidence that he did not learn about the motion for summary judgment or the hearing on that motion until after the trial court signed the final judgment, due process requires he be granted a new trial. *See Mathis v. Lockwood*, 166 S.W.3d 743, 745–46 (Tex. 2005). We reject GCM's contention that Garza was required to make any additional showing under these circumstances. *See Rouhana*, 556 S.W.3d at 479.

## CONCLUSION

We reverse the trial court's July 22, 2019 order denying Garza's motion for new trial and remand this case for a new trial.

Beth Watkins, Justice