

# NUMBER 13-23-00469-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ASHLEY GALVIN,                                                            Appellant,

v.

JASON WENDEL AND
AMBER QUARLES,                                                          Appellees.

## ON APPEAL FROM THE 329TH DISTRICT COURT
## OF WHARTON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Peña**

Appellant Ashley Galvin appeals the trial court's orders (1) granting appellee Jason

Wendel's traditional motion for summary judgment on his breach of contract claim and (2)

granting Wendel and appellee Amber Quarles's no-evidence motions for summary

judgment on Galvin's counterclaims for breach of fiduciary duty, breach of contract, money had and received, and fraudulent inducement. In one issue, Galvin argues that the trial court erred in denying her motion to reconsider the summary judgments because appellees did not serve the motions on her at the proper email address. We affirm.

## I.     BACKGROUND

Wendel sued Galvin for breach of contract regarding an agreement to exchange ownership interests in various corporate entities. Galvin filed counterclaims against Wendel and Quarles for fraudulent inducement and breach of fiduciary duty and against Wendel for breach of contract and money had and received. On May 8, 2023, Galvin's counsel filed a motion to withdraw from representation and provided Galvin's contact information, including an email address of "ashleygalvin@gmail.com." The trial court signed an order granting the motion to withdraw on May 18, 2023. On May 30, 2023, Wendel filed a motion for summary judgment on his breach of contract claim as well as two no-evidence motions for summary judgment seeking to dismiss Galvin's breach of contract and money had and received claims. On the same date, Wendel and Quarles filed two no-evidence motions for summary judgment seeking to dismiss Galvin's fraudulent inducement and breach of fiduciary duty claims. Each motion contained a notice of a hearing date of June 23, 2023, at 9:00 a.m. and a certificate of service indicating that the motions were served in accordance with Rule 21a of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a. An "Automated Certificate of eService" accompanied each motion and indicated that the motions were served on Galvin through the e-filing system at the following email address: "chrisashgalvin@gmail.com."

2

On June 23, 2023, Galvin's new counsel filed a notice of appearance and a motion for continuance. In the motion for continuance, Galvin's counsel requested a continuance of forty-five days to respond to the motions for summary judgment. On the same day, the trial court signed orders granting each summary judgment motion.[1] On June 26, 2023, the trial court signed an order denying Galvin's motion for continuance. On July 27, 2023, the trial court signed an order granting appellees' motion to sever the summary judgment rulings into a separate cause of action.

On August 25, 2023, Galvin filed a motion to reconsider each summary judgment order, arguing that she was not served with the summary judgment motions at the email address designated in her prior counsel's motion to withdraw. Galvin argued that she "had no knowledge nor appreciation of the impact of the motions for summary judgment nor the fact a hearing was even set on said motions." Appellees filed a response to the motion to reconsider, arguing that the motion was untimely and that appellees served Galvin at the email address designated in the e-filing system. Appellees attached exhibits containing email correspondence and e-service notifications of delivery to "chrisashgalvin@gmail.com" throughout the pendency of the case. The motion was overruled by operation of law. This appeal followed.

## II.   SUMMARY JUDGMENT NOTICE

### A.   Standard of Review & Applicable Law

We review a trial court's ruling on a motion to reconsider a summary judgment for an abuse of discretion. *Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 850 (Tex. App.—Eastland 2022, no pet.) (citing *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d

---

[1] The court reporter has notified this Court that there is no reporter's record for the date of the hearing.

638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Id.*

"Notice of hearing for submission of a summary-judgment motion is mandatory and essential to due process." *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] 2015, no pet.). The summary-judgment movant must serve the motion along with any supporting affidavits on the opposing party at least 21 days before the time specified for hearing. TEX. R. CIV. P. 166a(c). Because summary judgment is such a harsh remedy, the notice provisions of Rule 166a(c) must be strictly construed. *Chadderdon v. Blaschke*, 988 S.W.2d 387, 388 (Tex. App.—Houston [1st Dist.] 1999, no pet.); *see also Viesca v. Andrews*, No. 01-13-00659-CV, 2014 WL 4260355, at *5 (Tex. App.—Houston [1st Dist.] Aug. 28, 2014, no pet.) (mem. op.).

Texas Rule of Civil Procedure 21a(e) provides that "[a] certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. 21a(e). A document filed electronically under Texas Rule of Civil Procedure 21 "must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." *Id.* R. 21a(a)(1); *see Hooten v. Yeager*, 654 S.W.3d 185, 193 (Tex. App.—Texarkana 2022, no pet.). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." TEX. R. CIV. P. 21a(b)(3); *see Stettner v. Lewis & Maese Auction, LLC*, 611 S.W.3d 102, 105 (Tex. App.—Houston [14th Dist.] 2020, no pet.). "The current version of Rule 21a was designed to avoid confusion and disputes over service,

including disputes over whether service was sent to the correct email address." *Echartea v. Flores*, 691 S.W.3d 774, 780 (Tex. App.—Houston [14th Dist.] 2024, pet. filed) (citing *Rouhana v. Ramirez*, 556 S.W.3d 472, 480 (Tex. App.—El Paso 2018, no pet.)).

"[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received . . . [b]ut we cannot presume that notice was properly sent; when that is challenged, it must be proved according to the rule." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). However, "[i]n the absence of any proof to the contrary, the presumption has the force of a rule of law." *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex. 1994) (orig. proceeding). This presumption "vanishes when opposing evidence is introduced that [a document] was not received." *In re E.A.*, 287 S.W.3d 1, 5 (Tex. 2009) (quoting *Cliff*, 724 S.W.2d at 780). Such opposing evidence of "nonreceipt" may consist of an affidavit from the intended recipient attesting to the fact that the notice was not received. *See Cliff*, 724 S.W.2d at 779; *see also Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797 (Tex. 2008) (noting that the presumption may be rebutted by affidavit).

**B.    Analysis**

Appellees used the e-filing system to serve Galvan. Each filing includes a certificate of service confirming that Galvin was served in accordance with Rule 21a of the rules of civil procedure as well as an automated certificate of service from the e-filing system. Accordingly, Galvin had the burden to rebut the presumption of service by presenting evidence that she did not receive the motions. *See* TEX. R. CIV. P. 21a(e); *In re E.A.*, 287 S.W.3d at 5.

Galvin filed a motion to reconsider highlighting that she was not served at the email address designated in her previous counsel's motion to withdraw. However, she

5

presented no evidence, by affidavit or otherwise, that she did not receive the motions at the email address on file with the electronic filing manager. *See* TEX. R. CIV. P. 21a(a)(1). As set out above, "Rule 21a was designed to avoid confusion and disputes over service, including disputes over whether service was sent to the correct email address." *Echartea*, 691 S.W.3d at 780. Because Galvin did not present evidence that she did not receive the summary judgment motions, she has failed to rebut the presumption of service. *See In re E.A.*, 287 S.W.3d at 5; *see also Kuntze v. Hall*, No. 10-12-00087-CV, 2012 WL 5193226, at *8 n.7 (Tex. App.—Waco Oct. 18, 2012, pet. denied) (mem. op.) (rejecting appellant's argument that summary judgment was improper due to lack of sufficient notice because appellee's certificate of service created presumption that notice was received and appellant failed to tender evidence which would rebut presumption). Therefore, the trial court did not abuse its discretion by denying Galvin's motion to reconsider. We overrule Galvin's sole issue.

## III.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
29th day of August, 2024.