**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00350-CV**
_____

**RAMONA L. DEGRAW, Appellant**

**V.**

**NOEL BENNIE PAXTON JR., Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV23-0233**

**MEMORANDUM OPINION**

In this restricted appeal, Appellant Ramona L. Degraw ("Degraw") challenges the trial court's Judgment on Trespass To Try Title ("default judgment"), arguing Appellee Noel Bennie Paxton Jr. ("Paxton") failed to comply with service and notice of setting requirements. *See* Tex. R. App. P. 26.1(c). For the reasons explained below, we reverse the trial court's judgment and remand for a new trial.

1

## BACKGROUND

Paxton filed an Original Petition on Trespass to Try Title, which states Degraw could be served by certified mail return receipt requested at 870 Conestoga Trail, Livingston, Texas 77351 ("the Livingston address"). Paxton's attorney sent a letter to the Polk County District Clerk's Office requesting service via mail at the Livingston address. The citation of personal service shows it was mailed to DeGraw at the Livingston address. Paxton filed an Amended Original Petition on Trespass to Try Title, which states Degraw could be served with process at her residence at 3714 Cypresswood Drive, Spring, Texas, 77388 ("the Spring address"). Paxton then filed a Motion for Substitute Service of Process, in which he explained that a private investigator was unable to contact Degraw and attached the investigator's affidavit stating the diligent efforts that were made to serve Degraw. The trial court granted Paxton's Motion for Substitute Service and authorized Paxton to serve Degraw by leaving a copy of the citation, petition, and the Order on Motion for Substitute Service with anyone over the age of sixteen at the Spring address or by firmly affixing the documents to the front door.

Subsequently, Degraw filed an Original Answer. On August 10, 2023, the trial court sent Degraw a Notice of Setting for September 18, 2023, to the Livingston address. On September 15, 2023, Degraw filed a pro se Motion for Continuance of the trial setting due to her mother's recent death on September 12. On September 18,

2

the trial court called the case, the bailiff called Degraw's name three times in the hallway and, when Degraw failed to appear, the trial court denied her Motion for Continuance, stating that parties usually show up to argue their motions, and proceeded to hear Paxton's testimony. The trial court signed a final judgment, which awards Paxton title and possession of the subject property, lost rental income, attorney's fees, and court costs.

The following month, Degraw's counsel filed a Notice of Appearance and a Motion to Set Aside Judgment on Trespass to Try Title and Request for New Trial, stating that on July 8, 2023, the undated citation of personal service was taped on the door of the Spring address. Degraw also states that she filed an Original Answer with her correct contact information and legal address in Spring, Texas. The record shows the trial court's August 10th Notice of Setting was sent to the Livingston address instead of the address listed in her original answer. In her untimely motion to set aside the judgment[1], Degraw objected, among other things, to the trial court's judgment because the trial court's Notice of Setting the trial failed to give the required forty-five days' notice. The trial court denied Degraw's untimely Motion to Set Aside Judgment and Request for New Trial. Degraw filed this restricted appeal.

---

[1] The deadline to file notice of appeal is within 30 days after the judgment is signed. Tex. R. App. Proc. 26(a).

## ANALYSIS

In issue one, Degraw complains that the trial court erred in granting the judgment because the partially completed Return of Service did not comply with Rule 107 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 107(f). Degraw argues that filing her Answer and Motion for Continuance does not show she waived or acknowledged service. Degraw asks that this Court overturn the judgment and grant her a new trial.

In issue two, Degraw complains that the Notice of Setting which set the matter for trial was sent to the wrong address and failed to satisfy the forty-five-day notice requirements under Rule 245 of the Texas Rules of Civil Procedure. According to Degraw, she is entitled to a new trial because of the trial court's failure to provide adequate notice. The record shows she filed a Motion for Continuance shortly before the trial date, but she argues she did not waive her objection to the trial court's improper notice. She also argues she raised this concern in her Motion to Set Aside Judgment and Request for New Trial. We note that Appellant's Motion to Set Aside Judgment was untimely filed. Tex. R. App. Proc. 21.4(a).

To prevail on a restricted appeal, a party must prove that: (1) she filed her restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or

4

requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The requirement that error is apparent on the face of the record is not included in the rule but derives from case law. *Ex parte E.H.*, 602 S.W.3d at 495. The first three restricted appeal requirements are jurisdictional, but the fourth is not. *Id.* at 496-97. An appellant who meets the first three requirements establishing the court's jurisdiction must then establish error from the face of the record to prevail in a restricted appeal. *Id.* at 497. Since Degraw meets the first three requirements, the only question left which we must resolve is whether error is apparent on the face of the record. *See id.*; *Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007); *Wachovia Bank of Del. v. Gilliam*, 215 S.W.3d 848, 849 (Tex. 2007). The "face of the record" includes all the documents that were before the trial court when it rendered judgment. *See Alexander*, 134 S.W.3d at 848-49.

## Analysis

We turn first to issue two, in which Degraw complains that the Notice of Setting was sent to the wrong address and failed to satisfy the forty-five-day notice required under Rule 245 of the Texas Rules of Civil Procedure.

Degraw complains that the Notice of Hearing failed to comply with Rule 245, which states the court may set contested cases with reasonable notice of not less than

5

forty-five days to the parties of a first setting for trial. *See* Tex. R. Civ. P. 245. The face of the record shows the trial court sent a Notice of Setting for September 18, 2023, on August 10, 2023, and that the Notice was addressed and sent to DeGraw's old address. On its face, the Notice when mailed would have provided less than the required forty-five days' notice. *See id.* "If a timely answer has been filed in a contested case or the defendant has otherwise made an appearance, due process rights are violated when a judgment is subsequently entered without the party receiving notice of the setting of the case[.]" *In re K.M.L.*, 443 S.W.3d 101, 118-19 (Tex. 2014). "A trial court's failure to comply with the notice requirements in a contested case deprives a party of his constitutional right to be present at the hearing and to voice [her] objections in an appropriate manner, resulting in a violation of fundamental due process." *Id.* at 119 (citations omitted); *see also Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.). Thus, Paxton could not take a post-answer judgment against Degraw on less than forty-five days' notice of the final hearing. *See Ray v. Tottenham*, No. 01-22-00695-CV, 2023 WL 4872978, at *3 (Tex. App.—Houston [1st Dist.] Aug. 1, 2023, no pet.) (mem. op.).

Since Degraw filed an answer asserting a general denial and attached her affidavit contesting the matters that Paxton raised in his petition, she had a constitutional due process right to receive adequate notice of the trial. *See id.* Here,

6

the face of the record affirmatively demonstrates that Degraw did not receive the forty-five days' notice required by Rule 245. *See* Tex. R. Civ. P. 245. Therefore, we conclude the trial court's judgment is ineffectual for lack of proper notice. *See Bell Helicopter Textron, Inc. v. Abbott*, 863 S.W.2d 139, 140 (Tex. App.—Texarkana 1993, writ denied) ("The rule [Rule 245] is mandatory."). We sustain issue two.

Having determined that the trial notice was inadequate, we need not address Degraw's other argument as it would not result in any greater relief. *See* Tex. R. App. P. 47.1. Because Degraw has established her right to a new trial by demonstrating she received inadequate notice of the trial setting, we reverse the trial court's judgment and remand for a new trial. *See Rouhana v. Ramirez*, 556 S.W.3d 472, 482 (Tex. App.—El Paso 2018, no pet.) (reversing and remanding for trial on merits for trial court's failure to comply with Rule 245).

REVERSED AND REMANDED.


JAY WRIGHT
Justice

Submitted on July 1, 2025
Opinion Delivered July 24, 2025

Before Johnson, Wright and Chambers, JJ.

7