**Opinion issued June 19, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-23-00178-CV

————————————

**JENNIFER COOK, Appellant**

**V.**

**MEMORIAL HERMANN HEALTH SYSTEM, Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-39272**

---

## MEMORANDUM OPINION

Appellant Jennifer Cook filed suit against Appellee Memorial Hermann Health System ("MHHS") for religious and disability discrimination under the Texas Labor Code and for wrongful termination in "violation of Texas public policy." MHHS filed a Rule 91a Motion to Dismiss arguing Cook's claims lacked

basis in law because Cook had not exhausted her administrative remedies before filing suit and her claim for violation of Texas public policy was not a viable cause of action. Cook failed to respond to the motion and the trial court granted the Motion to Dismiss. Cook filed a Motion for New Trial, which was overruled by operation of law.

In two issues, Cook argues (1) the trial court erred in granting MHHS's Rule 91a Motion to Dismiss without first giving her the opportunity to amend her petition, and (2) the trial court abused its discretion by denying her Motion for New Trial.

We affirm in part and reverse and remand in part.

## BACKGROUND

This is an employment discrimination and wrongful termination case stemming from MHHS's COVID-19 vaccine policy.[1] Cook filed an original petition against MHHS asserting claims for religious and disability discrimination under Chapter 21 of the Texas Labor Code and a claim for wrongful termination in "violation of Texas public policy."

---

[1] COVID-19 is a disease caused by a novel coronavirus. *See In re State*, 602 S.W.3d 549, 550–51 (Tex. 2020) (orig. proceeding) (noting first reported case of COVID-19 in United States was in January 2020 and virus can cause extreme symptoms, requiring hospitalization, use of ventilator, and long stays in intensive care unit).

MHHS implemented a COVID-19 vaccination policy on August 2, 2021. At the time, Cook, then an employee of MHHS, was pregnant. In her Original Petition, Cook alleges that she submitted a request for a one-year medical exemption "for the duration of her pregnancy and breastfeeding period" to MHHS's "mandatory Covid-19 vaccination requirement." She alleges that on August 9, 2021, while she was still pregnant, she learned that MHHM had granted her request through October 6, 2021.

Cook gave birth on August 24, 2021. She alleges that on October 5, 2021, she requested an exemption from MHHS's vaccination requirement for twelve weeks postpartum "based on her sincerely held religious beliefs." According to Cook, MHHS extended her medical exemption to November 29, 2021. Cook alleges that notwithstanding, MHHS placed her on a two-week suspension starting on November 11, 2021, for refusing to be vaccinated. Cook alleges that on October 28, 2021, MHHS "falsely claimed" she had "voluntarily resigned" effective October 25, 2021.

Cook asserted claims against MHHS for religious and disability discrimination under the Texas Labor Code and for wrongful termination in violation of Texas public policy. Cook alleged that her "sincerely held religious beliefs [] prevented her from accepting the mandated 'vaccine' into her body" and that the vaccination policy contravened the governor's executive order precluding

3

employers from "forc[ing] or otherwise coerc[ing] their employees into accepting any alleged Covid-19 'vaccine.'" Cook alleged that MHHS discriminated against her based on her disability by "denying [Cook's] request to be exempted from [MHHS's] mandatory vaccination policy until the expiration of twelve (12) months post-partum." Cook's petition did not allege she had exhausted her administrative remedies prior to filing suit.[2]

MHHS filed a general denial asserting several affirmative defenses including (1) failure to state a claim upon which relief can be granted and (2) failure to exhaust administrative remedies prior to filing suit.

## Rule 91a Motion to Dismiss

On November 2, 2022, MHHS filed a Motion to Dismiss Cook's claims under Rule of Civil Procedure 91a. MHHS argued that Cook's discrimination claims were subject to dismissal because Cook had not exhausted her administrative remedies prior to filing suit, that Cook's claim for wrongful termination in violation of Texas policy was inexistent, and that to the extent her wrongful termination claim was a *Sabine Pilot* claim, her claim lacked basis in law.

---

[2] *See* TEX. LAB. CODE §§ 21.201, 21.202, 21.252, 21.254 (stating that filing charge of discrimination with Equal Employment Opportunity Commission or Texas Workforce Commission is prerequisite to filing suit); *see also Yeh v. Chesloff*, 483 S.W.3d 108, 112 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (explaining claimant must exhaust administrative remedies before suing for employment discrimination).

## A. Discrimination Claims

MHHS argued that Cook's claims for religious and disability discrimination lacked basis in law because Cook had not exhausted her administrative remedies before filing suit. MHHS argued that Cook's petition lacked any indication she had timely filed a charge of discrimination with the Equal Employment Opportunity Commission or the Texas Workforce Commission and MHHS was not aware of any attempts by Cook to exhaust her administrative remedies prior to filing suit. MHHS argued that because Cook had not alleged she had exhausted her administrative remedies before filing suit, "she [could] not pursue" her discrimination claims in trial court.

## B. Violation of Texas Public Policy Claim

MHHS also argued that Cook's claim for "Violation of Texas Public Policy" should be dismissed because it is not a claim "recognized under Texas law." MHHS argued that Texas has "long recognized and carefully guarded the at-will nature of the employment relationship." According to MHHS, courts "have not hesitated to dismiss claims of wrongful discharge that are premised upon alleged violations of 'public policy.'"

MHHS argued that to the extent Cook's claim for wrongful termination was a *Sabine Pilot* claim—"the only judicially recognized exception to the at-will doctrine"—the claim was subject to dismissal under Rule 91a because it lacked

5

basis in law.  MHHS explained that in *Sabine Pilot Service, Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985), "the Texas Supreme Court recognized a very narrow exception to the employment-at-will doctrine: 'That narrow exception covers only the discharge of an employee for the sole reason that the employee refused to perform an illegal act.'"  *Cingular Wireless, L.L.C. v. Lee*, No. 13-07-132-CV, 2009 WL 866796, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 2, 2009, pet. denied) (mem. op.).

To prevail on a *Sabine Pilot* wrongful termination claim, the plaintiff must prove (1) she refused to perform an illegal act, and (2) her refusal was the only reason she was terminated.  *Hawthorne v. Star Enter., Inc.*, 45 S.W.3d 757, 760 (Tex. App.—Texarkana 2001, pet. denied).  MHHS argued that because obtaining a COVID-19 vaccine is not an illegal act, and Cook would not have been subject to criminal penalties had she obtained the vaccine, her *Sabine Pilot* claim, to the extent she asserted one, had no basis in law.

MHHS set its Motion to Dismiss for written submission on November 29, 2022.  Cook did not file a response.  On November 29, 2022, the trial court signed an order granting MHHS's Motion to Dismiss.  In its order, the trial court directed MHHS to submit a separate application for attorney's fees and costs incurred in filing the Rule 91a Motion.

MHHS filed its application for attorney's fees on December 9, 2022, and later filed a notice of submission setting the application for consideration and ruling on December 19, 2022. MHHS served Cook's counsel with both the application and the notice on the same day each was filed. Cook did not file a response. On December 22, 2022, the trial court signed an order granting MHHS's application for attorneys' fees.

**Motion for New Trial**

On December 29, 2022, Cook filed a Motion for New Trial, arguing her failure to respond to the Motion to Dismiss was "a result of accident or mistake, and not [] a result of intentional neglect or conscious indifference."[3] She argued her counsel had "inadvertently missed the filing of the Motion to Dismiss or any notice of same in his law firm's email folder because of other matters requiring his immediate attention, including preparing for and attending trial in Kansas City, Missouri." Cook argued that her counsel also missed the entry of the trial court's order granting the Motion to Dismiss because he was in trial when the order was issued, and that the paralegal in charge of calendaring "was not listed as a person who would receive counsel's service emails at the time and did not receive notice of the filing of Defendant's Motion to Dismiss or the entry of the order dismissing the case." According to Cook, her counsel first discovered the oversight when

---

[3] Cook did not address why she also failed to respond to MHHS' Application for Attorneys' Fees filed on December 9, 2022.

Cook called to inquire about the status of her case and the paralegal accessed the court's docket.

## A. Discrimination Claims

Cook argued that MHHS's argument concerning her alleged failure to exhaust her administrative by filing a charge of discrimination prior to filing suit was "one simply of pleading." She argued she "inadvertently" missed the opportunity to amend her pleadings pursuant to Rule 91a.5(b) prior to dismissal to allege she had exhausted her administrative remedies. Cook argued she had a meritorious defense to MHHS's allegations because "the administrative prerequisite *was* exhausted, and [Cook] was given permission by the [Equal Employment Opportunity Commission] to file suit." In support of her assertion, Cook attached a Determination and Notice of Rights letter from the EEOC. Cook also argued that granting her Motion for New Trial would not injure MHHS.

## B. Violation of Texas Public Policy Claim

Cook also argued that during "declared states of emergency," such as the COVID-19 epidemic, Texas public policy "is formulated by the Governor of Texas, not by legislative acts or refusals to act." Cook asserted that executive orders GA-40, GA-35, and GA-38 gave "authoritative expression to Texas' *preexisting* public policy[, which] holds that employers must not force their

employees to take any vaccine (or alleged vaccine) as a condition of employment[.]"[4] (Emphasis in original.)

Cook argued that her termination violated these three executive orders, "and thereby the public policy of Texas," because (1) MHHS required Cook to be "injected with a substance related to Covid-19 which is not a vaccine," (2) Cook refused to "succumb to [MHHS's] illegal mandate," (3) MHHS fired Cook, and (4) "the sole reason for [Cook's] discharge was her refusal to succumb to the unlawful mandate."

---

[4]     GA-40 provides in pertinent part:

1.      No entity in Texas can compel receipt of a COVID-19 vaccine by any individual, including an employee or a consumer, who objects to such vaccination for any reason of personal conscience, based on a religious belief, or for medical reasons, including prior recovery from COVID-19. I hereby suspend all relevant statutes to the extent necessary to enforce this prohibition.

Texas Executive Order GA-40 (Oct. 11, 2021). GA-35 provides in pertinent part:

1.      I hereby suspend Section 81.082(f)(1) of the Texas Health and Safety Code to the extent necessary to ensure that no governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization.

Texas Executive Order GA-35 (April 5, 2021). And GA-38 provides in pertinent part:

2.(a).  No governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization. I hereby suspend Section 81.082(f)(1) of the Texas Health and Safety Code to the extent necessary to ensure that no governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization.

Texas Executive Order GA-38 (July 29, 2021).

9

Cook attached three exhibits to her Motion for New Trial: an affidavit from her counsel; an affidavit from the paralegal "in charge of calendaring and other duties related" to her case; and a Determination and Notice of Rights letter from the EEOC. Cook did not argue that her counsel had not properly been served with MHHS's Motion to Dismiss or the corresponding notice of submission. Instead, in his affidavit, Cook's counsel explained that he "inadvertently missed email notifications of the filing of [MHHS's] motion to dismiss in [his] service email account because [of] other matters requiring [his] immediate attention, including trial preparation and trial in federal court for a case in Kansas, City Missouri. . . The trial of th[e Kansas] case lasted from November 28, 2022 to December 2, 2022."

In his affidavit, the paralegal similarly averred he "did not receive email notification" of the Motion to Dismiss because he was not a contact for service emails, and he was thus "not receiving emails from the firm's service account." He stated he discovered the case had been dismissed when he accessed the court's docket on December 28, 2022. Contemporaneous with the filing of her Motion for New Trial, Cook filed a notice setting the hearing on her motion for February 16, 2023.

If a motion for new trial is not "determined by written order signed within seventy-five days after the judgment [is] signed," the motion is "considered

10

overruled by operation of law on expiration of that period." TEX. R. CIV. P. 329b(c). Seventy-five days from the final judgment in this case would have been February 13, 2023.[5]

On February 8, 2023, Cook filed a second notice setting her motion for consideration and ruling by submission on February 13, 2023.[6]

The record does not reflect that MHHS filed a response to the Motion for New Trial. The trial court neither held a hearing on the Motion for New Trial nor disposed of the motion by written order within 75 days of the final judgment.

---

[5] The 75th day fell on Sunday, February 12, 2023. Texas Rule of Appellate Procedure 4.1(a) provides that if the last day of a period is a Saturday, Sunday, or legal holiday, the period extends to the next day that is not a Saturday, Sunday, or legal holiday. TEX. R. APP. P. 4.1(a); *see N. Burnet Gun Store, LLC v. Tack*, 604 S.W.3d 587, 589 (Tex. App.—Austin 2020, no pet.) (noting motion for new trial was overruled by operation of law on Monday following seventy-fifth day after judgment, which fell on Sunday).

[6] Cook states in her appellate brief, without citation to the record, that the submission date for her Motion for New Trial "was passed by the trial court." It is unclear whether she means the trial court failed to rule on the motion on the submission date or whether Cook argues the trial court expressly "passed" on the motion that day. Either way, in the absence of a written order denying Cook's Motion for New Trial within seventy-five days of the trial court's final judgment, we must assume the Motion for New Trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c) ("In the event an original or amended motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."); *see also In re Torres-Medina*, No. 05-14-01046-CV, 2014 WL 4403830, at *1 (Tex. App.—Dallas Sept. 8, 2014, orig. proceeding) (mem. op.) ("Absent a written order granting or denying new trial, a motion for new trial is overruled by operation of law seventy-five days after the judgment is signed.").

11

Cook's Motion for New Trial was thus overruled by operation of law on Monday, February 13, 2023.  This appeal ensued.

## Dismissal Under Rule 91a

### A.      Standard of Review and Applicable Law

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact."  *See* TEX. R. CIV. P. 91a.1; *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016); *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.).  "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought."  TEX. R. CIV. P. 91a.1; *see also Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.).  There are generally two circumstances under which a court may determine a cause of action has no basis in law: (1) when the plaintiff fails to plead a viable, legally cognizable cause of action, or (2) when the plaintiff has alleged facts that negate entitlement to the relief requested.  *Burns*, 2024 WL 1558720, at 5; *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.) (citing cases).

12

We review a trial court's decision on a Rule 91a motion to dismiss de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *Burns*, 2024 WL 1558720, at \*5. A court may not consider evidence in ruling on a Rule 91a motion. *Bethel*, 595 S.W.3d at 654. It must "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted under the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6. Because Rule 91a provides a harsh remedy, we strictly construe the rule's requirements. *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 842 (Tex. App.—Dallas 2023, no pet.); *Reaves*, 518 S.W.3d at 607 n.8 (citing *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied)).

"To determine if [a] cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. In doing so, we apply the fair-notice standard of pleading." *Nat'l Cleaners, LLC v. Aron*, No. 14-21-00549-CV, 2022 WL 3973591, at \*3 (Tex. App.—Houston [14th Dist.] Sept. 1, 2022, no pet.) (mem. op.) (internal citation omitted).

**B.      Cook's Claim for Violation of Texas Public Policy**

MHHS argues that having failed to address it on appeal, Cook waived her right to appeal the trial court's dismissal of her claim for violation of Texas public policy. We agree.

"When an order granting a Rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a [R]ule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal." *Davis*, 700 S.W.3d at 842; *see also* TEX. R. APP. P. 38.1(f) ("The brief must state concisely all issues or points presented for review."); *id.* 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Cook does not complain on appeal about the trial court's dismissal of her claim for "violation of Texas public policy." Her arguments on appeal with respect to the court's ruling on MHHS' Rule 91a Motion to Dismiss concern only her discrimination claims under the Texas Labor Code and her ability to cure, by amendment, the failure to allege she exhausted her administrative remedies prior to filing suit. She does not address MHHS' argument, advanced in its Motion to Dismiss and considered by the trial court, that her claim for violation of public policy is not a viable cause of action. Thus, because Cook has not negated the validity of each ground on which the trial court could have granted the dismissal of

14

her claim for "violation of Texas public policy," we affirm the trial court's dismissal of that claim. *See Davis*, 700 S.W.3d at 842.

## C. Cook's Failure to Amend Her Petition

Cook argues the trial court abused its discretion by granting MHHS's Motion to Dismiss without affording her the opportunity to amend her petition to reflect the exhaustion of her administrative remedies. She relies on Rule 91a.5(b) of the Texas Rules of Civil Procedure, which provides:

> If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.

TEX. R. CIV. P. 91a.5(b). Cook argues she "wasn't given the opportunity to amend her pleadings to allege the exhaustion of the administrative prerequisite."[7] According to Cook, because Rule 91a motions are "akin to a plea to the jurisdiction," the court construes the pleadings in the plaintiff's favor and looks to the pleader's intent.

MHHS argues that Rule 91a provides specific and strict time constraints and deadlines, and that there is no "good cause" exception to the deadlines imposed by the rule. MHHS notes that Cook did not attempt to amend her original petition

---

[7] Cook had from November 2, 2022, the date on which MHHS filed its Rule 91a motion, until November 25, 2022—three days before the noticed submission date for the Motion to Dismiss—to amend her pleadings. *See* TEX. R. CIV. P. 91a.5(b) (providing that pleadings may be amended three days before Rule 91a hearing).

15

until she requested leave to do so one month after dismissal, in her December 29, 2022 motion for new trial. MHHS notes that such an amendment would have been of no value, because Rule 91a.5(c) instructs that the trial court "must not consider" untimely amendments in ruling on a motion to dismiss. TEX. R. CIV. P. 91a.5(c); *see also Nolden v. Crescent Health & Rehab. Ctr.*, No. 01-21-00132-CV, 2022 WL 3970064, at *5 (Tex. App.—Houston [1st Dist.] Sept. 1, 2022, no pet.) (mem. op.) (concluding trial court "was not permitted to consider" plaintiff's untimely filed amended petition in ruling on Rule 91a motion to dismiss); *In re Estate of Savana*, 529 S.W.3d 587, 593 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Rule 91a requires the trial court to rule on a motion to dismiss without considering an untimely . . . amendment.") (emphasis omitted); *In re Guardianship of Peterson*, 01-15-00567-CV, 2016 WL 4487511, at *6 (Tex. App.—Houston [1st Dist.] Aug. 25, 2016, no pet.) (mem. op.) ("In ruling on a Rule 91a motion, a trial court is specifically prohibited from considering an amendment that was not filed at least three days before the date of the hearing on the motion.").

Cook relies on *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) to argue the trial court should have issued a ruling that her pleading was deficient and allowed her to amend her petition before granting MHHS's Rule 91a motion. Cook's reliance on *Brown* is misplaced. In *Brown*, a wrongful death action brought under the Texas Tort Claims Act, the Supreme Court held that

plaintiffs' failure to plead they did not know of a dangerous condition, "an element necessary to prove a premises defect claim" and survive the County's plea to the jurisdiction, was one for which the plaintiffs "should be afforded an opportunity to amend." 80 S.W.3d at 559. The court did not hold that a plaintiff should always be allowed to amend his pleadings before a dismissal on a plea to the jurisdiction. And, the holding did not implicate a Rule 91a motion.[8]

Cook argues that the trial court's failure to "issue a ruling that [Cook's] pleading was deficient" is "inconsistent with the standard applied across the board by courts of appeals that [Cook] was not afforded the opportunity to amend her petition upon the mere filing of [MHHS's] motion to dismiss." But Cook was not precluded from amending her petition to address MHHS's failure to exhaust argument. Indeed, Rule 91a expressly permits a non-movant to amend her petition

---

[8]    We are cognizant that there is overlap between pleas to the jurisdiction and Rule 91a motions:

> The Texas Supreme Court recently wrote that the "dismissal grounds under Rule 91a have been analogized to a plea to the jurisdiction, which requires a court to determine whether the pleadings allege facts demonstrating jurisdiction." Such a comparison "is particularly apt" where a governmental unit brings a rule 91a motion which challenges the trial court's subject-matter jurisdiction.

*Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 604-05 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (quoting *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016)). Notwithstanding this comparison, Rule 91a motions must be "judged under the constraints" of that particular rule, and the rules pertaining to pleas to the jurisdiction cannot be applied in Rule 91a cases "to the extent that they differ from [R]ule 91a." *City of Pasadena v. Poulos*, No. 01-22-00676-CV, 2023 WL 7134974, at *14 (Tex. App.—Houston [1st Dist.] Oct. 31, 2023, no pet.) (mem. op.) (quoting *Reaves*, 518 S.W.3d at 606–07).

prior to any ruling on a motion to dismiss. Rule 91a.5 provides that if "the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action." TEX. R. CIV. P. 91a.5(c). Nothing in Rule 91a requires the court to order an amendment where one is not filed. To the contrary, Rule 91a.5(c) states that "[e]xcept by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited[.]" *Id.* And in ruling on the motion, the court may not consider an amendment "not filed as permitted" under Rule 91a.5. *Id.*

Cook has not cited any cases holding that in the context of a Rule 91a motion, the court must issue a ruling that affords a plaintiff the opportunity to amend her pleadings before ruling on a Rule 91a motion. And analogous authority suggests otherwise. For example, in *Ruth v. Crow*, the plaintiff asserted claims for malicious prosecution, intentional infliction of emotional distress, and conspiracy against several defendants who filed timely Rule 91a motions to dismiss. No. 03-16-00326-CV, 2018 WL 2031902 at *1 (Tex. App.—Austin May 2, 2018, pet. denied) (mem. op.). The plaintiff failed to respond to the motion, but on the day of the hearing, he filed a supplemental petition. *Id.* The trial court granted the motion to dismiss. On appeal, Ruth argued, among other things, that the court

18

should have granted him additional time to amend or supplement his petition because his counsel's illness prevented him from filing an amended petition or response to the motion to dismiss. *Id.* Rejecting this argument, the appellate court discussed the "fairly strict time constraints" of Rule 91a, explaining that the applicable deadlines do not contain an exception for "good cause." As the court explained, Rule 91a:

> requires that a motion to dismiss be filed within sixty days of the pleading making the challenged claim but at least twenty-one days before a hearing on the motion, that a response be filed at least seven days before the hearing, that amended pleadings or nonsuits be filed at least three days before the hearing, and that the trial court act on the motion to dismiss within forty-five days of the motion's filing—and it does not include a "good cause" exception.

*Id.* at *2 (citing TEX. R. CIV. P. 91a.3, .4, .5(b)). The court held that Ruth had not established the trial court "would have abused its discretion or otherwise erred in denying a request for additional time to supplement or amend Ruth's petition, had such a request been made." *Id.* at *3.

Similarly, Cook has not established the trial court abused its discretion by ruling on the MHHS's Motion to Dismiss without first affording her an opportunity to amend, an opportunity Cook neither requested nor pursued.

We overrule Cook's first issue.

19

## Motion for New Trial

In her second issue, Cook argues the trial court abused its discretion in denying her motion for new trial.

## A. Standard of Review and Applicable Law

We review a trial court's decision on a motion for new trial for abuse of discretion. *B. Gregg Price, P.C. v. Series 1–Virage Master LP*, 661 S.W.3d 419, 423 (Tex. 2023) (citing *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006)); *Dolgencorp of Tex. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009) (citing *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987)); *In re G.P.*, No. 01-16-00346-CV, 2016 WL 6216192, at *22 n.64 (Tex. App.—Houston [1st Dist.] Oct. 25, 2016, no pet.) (mem. op.) (holding abuse-of-discretion standard applies regardless of whether motion for new trial was expressly denied or denied by operation of law). A trial court abuses its discretion when it acts in an "arbitrary or unreasonable" manner or when it acts "without reference to any guiding rules and principles." *Canterbury v. Luby's, Inc.*, No. 01-22-00799-CV, 2024 WL 3571362, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2024, no pet.) (mem. op.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985)).

Both parties aver that the standard set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) is applicable to motions for new trial when Rule 91a motions to dismiss are granted by default. In *Craddock*, the

Supreme Court held that a default judgment should be set aside if the defaulting party establishes "(1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure" the non-defaulting party. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002) (citing *Craddock*, 133 S.W.2d at 126); *NexGen Broadband, LLC v. Quanta Telecomm. Servs., LLC*, No. 01-23-00520-CV, 2024 WL 3973439, at *14 (Tex. App.—Houston [1st Dist.] Aug. 29, 2024, no pet.) (mem. op.) (same).

To secure a new trial after failing to respond to a Rule 91a motion, the movant must establish that her failure to respond was not intentional or the result of conscious indifference. *Sullivan v. Elliott*, No. 09-22-00368-CV, 2023 WL 5969613, at *2 (Tex. App.—Beaumont Sept. 14, 2023, no pet.) (mem. op.); *see also Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 WL 1468859, at *6 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) (mem. op.) ("The party seeking a new trial has the burden to prove the lack of intent or lack of conscious indifference.") (citing *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex. App.—El Paso 1988, no writ)). "If the factual allegations in a movant's affidavits are uncontroverted, it is sufficient that the motion and affidavit state facts which, if true, would negate intentional or consciously indifferent conduct." *Sullivan*, 2023

21

WL 5969613, at *2 (citing *Varady*, 2016 WL 1468859, at *6); *see also Martinez v. Martinez*, 157 S.W.3d 467, 470 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (explaining that in *Craddock* review, trial court is "sole judge of the credibility of the witnesses and the weight to be given to their testimony") (citing *Olin Corp. v. Smith,* 990 S.W.2d 789, 797–98 (Tex. App.—Austin 1999, pet. denied)).

## B. The First *Craddock* Factor: Was Cook's Counsel's Conduct Intentional or Consciously Indifferent?

Cook did not argue in her Motion for New Trial, nor does she argue on appeal, that MHHS's Rule 91a Motion to Dismiss or corresponding notice of submission was improperly served, not served, or that counsel's office did not receive the notice.[9, 10]  Rather, in his affidavit, attached to Cook's Motion for New Trial, Cook's counsel states that he "inadvertently missed email notifications of the filing of [MHHS's] motion to dismiss" because of "other matters requiring [his] immediate attention," including preparing for a trial that occurred from November 28, 2022 through December 2, 2022 in Kansas City, Missouri.  The affidavit of his paralegal, who was "in charge of calendaring and other duties related" to the case,

---

[9]    The certificate of service attached to MHHS's Rule 91a Motion to Dismiss created a presumption that MHHS served the documents and that Cook received them. *Sullivan v. Elliott*, No. 09-22-00368-CV, 2023 WL 5969613, at *3 (Tex. App.—Beaumont Sept. 14, 2023, no pet.) (mem. op.) (citing TEX. R. CIV. P. 21a(e)); *see also Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005) (explaining that presumption of receipt is created if notice was properly sent pursuant to Rule 21a).

[10]   The email address for Cook's counsel on the service list for MHHS's Motion to Dismiss and notice of submission are the same as the email address given on Cook's Motion for New Trial and Original Petition.

22

states that he "did not receive email notification of the filing and service of [the] Motion to Dismiss because he was not receiving emails from the firm's service email account." According to the paralegal, he first discovered the case had been dismissed on December 28, 2022, when Cook called "for an update" and he "accessed the Court's case docket."

MHHS's Motion to Dismiss was filed on November 2, 2022, and the corresponding order of dismissal was signed on November 29, 2022. Cook's counsel is thus arguing that for the nearly four weeks leading to his trial in Kansas City on November 28, 2022, and for the four weeks following his trial, no one was checking service emails related to this case. While Cook explains in his affidavit why he inadvertently missed the service emails for the Motion to Dismiss, and he argues he missed the court's dismissal order because he was in trial when the order was issued, he does not explain why he missed and failed to respond to MHHS' application for attorney fees, which MHHS filed on December 9—one week after counsel's trial. As MHHS notes, the application referenced the dismissal stating that "on November 29, 2022, the Court granted Memorial Hermann's Motion to Dismiss in full, dismissing Plaintiff's claims with prejudice."

Cook argues that because MHHS failed to controvert his factual allegations by responding to the Motion for New Trial, his factual allegations were sufficient to negate the "intentional or consciously indifferent conduct" standard. Indeed,

23

"[f]actual allegations set out in a movant's affidavit and motion are generally accepted as true when uncontroverted." *In re Sandoval*, 619 S.W.3d 716, 722 (Tex. 2021). The fact that the affidavits were uncontroverted, however, does not necessarily mean they negated the intentional or conscious indifference standard, even if the facts in the affidavits are taken as true. "In determining whether there is intentional disregard or conscious indifference, the trial court examines the knowledge and acts of the parties who failed to appear." *Merchant v. SSB Trading, Inc.*, No. 05-20-00943-CV, 2022 WL 224362, at *2 (Tex. App.—Dallas Jan. 26, 2022, no pet.) (mem. op.) (citing *Perry v. Benbrooke Ridge Partners L.P.*, No. 05-16-01486-CV, 2018 WL 2138957, at *2 (Tex. App.—Dallas May 7, 2018, no pet.) (mem. op.)). "A failure to appear is not intentional or due to conscious indifference merely because it was deliberate; rather it must also be without justification. Proof of justification such as accident, mistake or other reasonable explanation will negate intent or conscious indifference." *Id.* (citing *Perry*, 2018 WL 2138957, at *2) (internal quotation marks omitted).[11]

---

[11] "Conscious indifference means failing to take some action which would seem indicated to a person of reasonable sensibilities under the same circumstances." *Liberty Mut. Fire Ins. Co. v. Ybarra*, 751 S.W.2d 615, 618 (Tex. App.—El Paso 1988, no writ) (citing *Johnson v. Edmonds*, 712 S.W.2d 651 (Tex. App.—Fort Worth 1986, no writ)). "The standard is not one of negligence. Thus, to negate intentional or conscious indifference, a claimant need not show he was free of negligence or that he failed to exercise due diligence." *Dablemont v. Dallas Cnty. Hosp. Dist.*, No. 05-97-00457-CV, 2000 WL 17044, at *1 (Tex. App.—Dallas Jan. 12, 2000, no pet.) (mem. op.) (internal citations omitted).

Neither side has identified any authorities that contemplate the "conscious indifference" standard in circumstances such as these, where counsel's office failed to check email filings in a case for approximately four weeks.[12] Our review of caselaw, however, coupled with the state's policy that "an adjudication on the merits is preferred in Texas,"[13] leads us to believe Cook satisfied the first *Craddock* factor. Although there may not be any explanation for why the December 2022 email filings were missed, Cook set forth uncontroverted allegations explaining why his lawyer inadvertently missed the November 2, 2022 emails filings which led to the November 29, 2022 hearing and dismissal order, which is the ruling Cook challenges in his motion for new trial. *See, e.g., Hidalgo Cnty. Emergency Serv. Found. v. Mejia*, No. 13-16-00576-CV, 2018 WL 2731881, at *4 (Tex. App.—Corpus Christi–Edinburg June 7, 2018, pet. denied) (mem. op.) (holding that insurer's failure to route emails to replacement adjuster when original adjuster left company, "while perhaps negligent, did not demonstrate conscious indifference" because it did not demonstrate supervisor failed to inform replacement adjuster about lawsuit "*knowing* that the lawsuit had been emailed" to previous adjuster) (emphasis in original); *Hunter v. Ramirez*, 637 S.W.3d 858, 863

---

[12]    Cook's counsel testified via affidavit that he first learned the case had been dismissed on December 28, 2022, nearly eight weeks after the Motion to Dismiss and Notice of Submission were filed and served, and a month after the order of dismissal was signed.

[13]    *See Sutherland v. Spencer*, 376 S.W.3d 752, 756 (Tex. 2012).

25

(Tex. App.—Houston [14th Dist.] 2021, no pet.) (holding attorney's failure to respond to summary judgment was not intentional or result of conscious indifference when attorney was not aware of motion or notice of hearing because email giving notice of filings went to attorney's spam folder); *Merchant*, 2022 WL 224362, at *4 ("[T]he circumstances Mr. Merchant describes—leaving the citation in a stack of other papers and forgetting about it because he was unusually busy— meet *Craddock*'s requirements."); *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) ("Here, [Defendant] offered an excuse that was not controverted and, if true, negated intentional or consciously indifferent conduct on its part. Specifically, [Defendant] alleged, among other reasons, that the citation was left in a stack of papers on a desk and forgotten about because of limited time spent at the office due to weather conditions over a nearly three-week period during the Christmas holiday season . . . . We conclude that this excuse is sufficient to show that the failure to answer was not the result of intentional or consciously indifferent conduct.");[14] *Evans v. Woodward*, 669 S.W.2d 154, 155 (Tex. App.—Dallas 1984, no writ) (holding failure to file answer due to "confusion in the attorney's office" was neither intentional nor result of conscious indifference); *see also generally Presbyterian Healthcare Sys. v. Afangideh*, 993 S.W.2d 319, 323 (Tex. App.—

---

[14]    The Supreme Court explained it did not hold in *Sutherland* "that forgetfulness alone is sufficient to satisfy the first *Craddock* element," but the facts presented a "*Craddock*-like situation" that combined to create "some excuse, although not necessarily a good one[.]" *Sutherland*, 376 S.W.3d at 755–56.

Eastland 1999, pet. denied) ("Calendaring errors have frequently been held sufficient to establish 'mistake or accident' under *Craddock*.") (citing cases).[15]

We conclude Cook's explanation for failing to respond to the Motion to Dismiss satisfies the first *Craddock* factor.

### C.    The Second *Craddock* Factor: Meritorious Defense

Cook argues she satisfied the second *Craddock* factor because she exhausted her administrative remedies prior to filing suit and she thus established a meritorious defense for her discrimination claims. She argues she attached to her Motion for New Trial a copy of the Determination and Notice of Rights letter issued by the EEOC, a copy of which she argues the associate general counsel for labor and employment at MHHS also received as the second page of the letter reflects.

The facts alleged in a motion for new trial must be supported by affidavits or other competent evidence. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex. 1966); *see also Kyle v. Zepeda*, No. 01-11-00388-CV, 2013 WL 2246030, at *4 (Tex. App.—Houston [1st Dist.] May 21, 2013, no pet.) (mem. op.) ("The movant must either submit competent evidence to support the *Craddock* elements or attach affidavits

---

[15]    *Compare with Bobo v. Berry*, No. 14-00-00917-CV, 2001 WL 1046931, at *5 (Tex. App.—Houston [14th Dist.] Sept. 13, 2001, pet. denied) (not designated for publication) ("[A]n attorney's failure to timely file a[n expert] report because of an excessive workload, created by his other cases, is not a 'mistake' or 'accident' that would justify his failing to meet a known statutory deadline.") (citing *Broom v. McMaster*, 992 S.W.2d 659, 664 (Tex. App.—Dallas 1999, no pet.)).

to its motion."). MHHS argued in its Motion to Dismiss that courts "lack subject matter jurisdiction over Chapter 21 claims if a plaintiff fails to satisfy her administrative prerequisites by timely filing a Charge of Discrimination with the EEOC or TWC." Accordingly, to satisfy the meritorious defense component, Cook must have supported her Motion for New Trial with affidavits or other evidence establishing prima facie proof of her meritorious defense to MHHS's jurisdictional argument.

The Determination and Notice of Rights letter attached to Cook's Motion for New Trial reflects Cook exhausted her administrative remedies prior to filing suit. *See Westbrook v. Water Valley Indep. Sch. Dist.*, No. 03–04–00449–CV, 2006 WL 1194527, at \*3 (Tex. App.—Austin May 5, 2006, pet. denied) (mem. op.) ("Although an employee is not required to obtain a right to sue letter prior to filing suit, if the employee has received one, it evidences that she has exhausted her administrative remedies[.]") (citations omitted); *Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 88 n.13 (Tex. App.—Austin 2009, pet. denied) ("The right-to-sue letters are additional support that appellees timely filed their administrative complaints."); *Rice v. Russell–Stanley, L.P.*, 131 S.W.3d 510, 513–

14 (Tex. App.—Waco 2004, pet. denied) (stating that right-to-sue letter provides "notice of exhaustion" of administrative remedies).[16]

MHHS argues that the Determination and Notice of Rights letter was not properly before the court because it contains hearsay and was not authenticated.[17] We find both arguments unpersuasive.

A right to sue letter from the EEOC is admissible under the public records exception to hearsay. *See Wawarosky v. Fast Group Hous. Inc.*, No. 01-13-00466-CV, 2015 WL 730819, at *5 (Tex. App.—Houston [1st Dist.] Feb. 17, 2015, no pet.) (mem. op.) (holding right to sue letter was admissible hearsay under public record hearsay exception, which provides, in relevant part, that "[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies setting forth the activities of the office or agency" are not excluded by hearsay rule "unless the sources of information or other circumstances indicate lack of trustworthiness") (citing TEX. R. EVID. 803(8)); *see also Boyd v. Dallas Indep. Sch.*

---

[16] While the "Charge of Discrimination" Cook filed with the Texas Workforce Commission is included in the appendix to her appellate brief, it was not attached to the Motion for New Trial or included the appellate record. We may thus not consider it. *See Memon v. Nguyen*, No. 01-21-00706-CV, 2023 WL 3513135, at *4 (Tex. App.—Houston [1st Dist.] May 18, 2023, no pet.) (mem. op.) ("We do not consider exhibits or appendices to briefs or motions that are not part of the appellate record.").

[17] MHHS does not dispute that the letter is what it purports to be; it does not claim that the letter is a forgery or a fraud. MHHS instead argues that the document was not authenticated and is thus hearsay. MHHS did not file a response to the Motion for New Trial. As such, these arguments were not raised in the trial court.

*Dist.*, No. CIV.A.3:08-CV-426-M, 2010 WL 1687665, at \*2 (N.D. Tex. Apr. 27, 2010) (noting EEOC right-to-sue letter is "self-authenticating under Federal Rule of Evidence 902"). Moreover, relevant here, documents need not be in admissible form to establish a meritorious defense in a *Craddock* situation. *See Wal-Mart Stores, Inc. v. Kelley*, 103 S.W.3d 642, 647 (Tex. App.—Fort Worth 2003, no pet.) (Cayce, C.J., dissenting) (noting lack of requirement that evidence supporting meritorious defense element be authenticated to be considered by trial court); *see also Ivy*, 407 S.W.2d at 214 ("The rule of *Craddock* does not require [p]roof of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it 'sets up a meritorious defense.'").

We thus conclude that Cook satisfied the second *Craddock* element as it concerns her claims of discrimination. Cook, however, did not argue on appeal that she had a meritorious defense with respect to her claim for violation of Texas public policy. We thus conclude that she is not entitled to a new trial on that claim.

## C.   The Third *Craddock* Element:  Prejudice

The final *Craddock* factor, prejudice, also weighs in favor of Cook, who alleges in her Motion for New Trial that "[t]he granting of a new trial would not injure [MHHS], and justice would not be properly served unless a new trial is granted."

The parties differ on who has the burden to prove prejudice, but the Texas

30

Supreme Court has settled the issue. "If a [movant] alleges that granting a new trial will not injure the [non-movant], the burden then shifts to the [non-movant] plaintiff to present proof of injury." *In re R.R.*, 209 S.W.3d 112, 116 (Tex. 2006) (citing *Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 270 (Tex.1994)); *see also Dolgencorp of Tex.*, 288 S.W.3d at 929 ("Once Dollar General alleged that granting a new trial would not injure Lerma, the burden of proof shifted to Lerma to prove injury."); *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) ("Mathis's sworn motion asserted that a new trial would not injure Lockwood, and nothing in the record establishes the contrary."); *Estate of Pollack v. McMurrey*, 858 S.W.2d 388, 393 (Tex. 1993) ("The Estate's motion for new trial represented that granting the motion would not cause delay or prejudice McMurrey. This representation shifted the burden to McMurrey to prove injury."); *see also L'Arte De La Mode, Inc. v. Neiman Marcus Grp.*, 395 S.W.3d 291, 297 (Tex. App.—Dallas 2013, no pet.) ("[A]ll that is necessary to meet the third element of *Craddock* is that the [movant] 'allege[ ] that granting a new trial will not injure the [nonmovant].'") (quoting *Evans*, 889 S.W.2d at 270).

Cook asserted in her Motion for New Trial that granting her motion would not injure MHHS. MHHS did not respond to the Motion for New Trial or establish

injury.  Nothing in the record thus establishes the contrary.[18]

We sustain Cook's second issue as it concerns the trial court's ruling denying her Motion for New Trial on her discrimination claims based on MHHS's failure to exhaust argument.

## Conclusion

We reverse the trial court's judgment denying Cook's Motion for New Trial on her discrimination claims and remand for a new trial on those claims.  We affirm the trial court's judgment in all other respects.


Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

---

[18]  While the unpublished case upon which MHHS relies indicates the movant seeking a new trial must provide "evidence [that] the granting of a new trial will not cause a delay or injure" the nonmovant, we are bound to follow the Supreme Court's precedent.  *See Lilly v. Tolar*, No. 06-01-00163-CV, 2002 WL 1926527, at *5 (Tex. App.—Texarkana Aug. 22, 2002, pet. denied) (not designated for publication).